UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Charley, # 265146, | ) |
| | ) |
| Plaintiff, | ) C/A No. 6:13-1365-CMC-KFM |
| | ) |
| v. | ) |
| | ) **Report and Recommendation** |
| Unknown Client Assistant Programmer; | ) |
| S.C. Bar, | ) |
| | ) |
| Defendants. | ) |

Plaintiff is an inmate at the Allendale Correctional Institution of the South Carolina Department of Corrections. The South Carolina Department of Corrections website (http://public.doc.state.sc.us/scdc-public/, last visited on May 22, 2013) indicates that Plaintiff is serving a fifteen-year sentence for an armed robbery conviction entered in the Court of General Sessions for Orangeburg County.

In the above-captioned case, Plaintiff has brought suit against the South Carolina Bar and an "Unknown Client Assistant Programmer." It appears that the individual defendant is actually a Client *Assistance* Programmer for the South Carolina Bar. The "STATEMENT OF CLAIM" portion of the Section 1983 complaint reveals that this civil rights action arises out of Plaintiff's request to the South Carolina Bar for assistance in obtaining a *pro bono* attorney to help Plaintiff in his litigation. Plaintiff was informed by the "Unknown Client Assistant Programmer" that *pro bono* attorneys are not available for inmates seeking to sue a government agency. Plaintiff contends that "this statement or

response made by defendant clearly violated plaintiff 1st Amendment Right as well as his 5th and 14th Right" to due process and equal protection. In his prayer for relief, Plaintiff seeks $250,000 damages in compensatory damages and $2,500,000 in punitive damages.

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act (PLRA). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant deprived him or her of a federal right, and *(2)* did so under color of state law. *See American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co.*, 457 U.S. at 936

Although the United States Court of Appeals for the Fourth Circuit has not addressed the issue, other United States Courts of Appeals and one federal district court have concluded that a bar association is not a state actor subject to suit under 42 U.S.C. § 1983. *See*, *e.g.*, *The Real Estate Bar Ass'n for Massachusetts, Inc. v. Nat'l Real Estate Information Servs.*, 608 F.3d 110, 122–23 (1st Cir. 2010) (bar association was not a state actor subject to suit under § 1983); *Lawline v. Am. Bar Ass'n*, 956 F.2d 1378, 1384 (7th Cir. 1992) ("Here the three bar associations have not engaged in state action by formulating the disciplinary rules in question."); *Werle v. Rhode Island Bar Ass'n*, 755 F.2d 195, 197–98 (1st Cir. 1985); and *Sanderson v. Marshall*, Civil Action No. 2:10-CV-878-SRW, 2011 WL 2215171, at*2 (S.D. Ala. June 7, 2011) ("It is clear to the court that the Alabama State Bar Disciplinary Commission and Robert E. Luske, Jr., are not state actors subject to suit or liability in the instant cause of action as the Alabama State Bar Association is a private entity, not a state agency."); *cf. Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) ("That a private entity performs a function which serves the public does not make its acts state action."). As an employee of the South Carolina Bar, the "Unknown Client Assistant

Programmer" has not acted under color of state law. *Cf. Stubbs v. Hunter*, 806 F. Supp. 81, 82–83 (D.S.C. 1992).

### *Recommendation*

Accordingly, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the important Notice on the next page.

May 22, 2013                                              s/ Kevin F. McDonald
Greenville, South Carolina                      United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk of Court
> United States District Court
> 300 East Washington Street — Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).